Marian Wallis Spigener, et al. v. Imogene Wallis, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-078-CV

Â Â Â Â Â MARIAN WALLIS SPIGENER AND
Â Â Â Â Â ROSE LYNN McCULLOUGH,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â IMOGENE MARIE WALLIS, THERESA ANN
Â Â Â Â Â GARTMAN, LOYD ELMO WALLIS, IVY LOREE
Â Â Â Â Â LEWIS, LAUREL JUANICE WICHTERICH, DONNA
Â Â Â Â Â JANE WALLIS JENKINS, CARROLL RAY WALLIS,
Â Â Â Â Â JOY WYMAN WALLIS, SUSAN LANELL WALLIS
Â Â Â Â Â BARNETT, AND BEVERLY GAIL WALLIS HOLMES,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 18th District Court
Johnson County, Texas
Trial Court # 229-94
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellees filed suit against Appellants for partition of two tracts of land comprising slightly
more than thirty-three acres which Appellees co-owned with Appellant Marian Wallis Spigener. 
Appellees also sought a writ of possession to compel Appellant Rose Lynn McCullough to vacate
the premises. Appellants filed cross-claims asserting fraud and seeking to offset Appelleesâ claims
by unpaid back rentals which Appellants claimed Appellees owed them for permitting others to
use the property in question.
Â Â Â Â Â Â Appellees non-suited McCullough. The court entered a default judgment on December 12,
1997 after Spigener failed to appear for trial. The court determined the ownership interests of the
various parties, found that the property was not susceptible to partition in kind, and appointed a
receiver to sell the property and distribute the proceeds according to the percentages of ownership
set out in the partition order.
Â Â Â Â Â Â Spigener filed a motion for new trial on December 24. She filed a âNotice of Appeal and
Application for Writ of Errorâ on February 23, 1998. McCullough filed her âNotice of Appeal
and/or Application for Writ of Errorâ with this Court on June 10, 1998.


 The clerkâs record was
filed on March 27, and the reporterâs record was filed on May 26. A supplemental clerkâs record
was filed on June 25. On the same date we received the supplemental clerkâs record, we advised
Appellants by letter that their briefs would be due thirty days thereafter.
Â Â Â Â Â Â Although Appellantsâ briefs were due on July 27, no briefs have been filed. Tex. R. App. P.
38.6(a). Appellate Rule 38.8(a)(1) provides that if an appellant fails to timely file her brief, the
Court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.
Id. 38.8(a)(1).
Â Â Â Â Â Â Thirty days have passed since Appellantsâ briefs were due. We notified them of this defect
by letter on August 5. Id. 42.3, 44.3. They have not responded to our letter showing grounds
for continuing the appeal, nor have they provided a reasonable explanation for failing to file their
briefs. Id. 42.3, 38.8(a)(1). Therefore, this appeal is dismissed for want of prosecution. Id.
38.8(a)(1).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice VanceÂ 
Dismissed for want of prosecution
Opinion delivered and filed August 26, 1998
Do not publish



ustify;text-indent:3.5in'>Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

   (Chief
Justice Gray concurs in the courtÂs judgment with a note)*

Petition
denied

Opinion
delivered and filed September 22, 2010

[OT06]








Â 

Â Â Â Â Â Â Â Â Â Â Â  *(Chief
Justice Gray joins no part of the CourtÂs opinion.Â  A separate opinion will not
issue.Â  He notes, however, that there are some motions on which a trial court
may never have a duty to rule.Â  See In re Davis, 10-10-0242-CV, August
25, 2010 (Chief Justice Gray Concurring); In re Birdwell, 224 S.W.3d 864
(Tex. App.ÂWaco 2007) (orig. proc.) (Chief Justice Gray Concurring).Â  Unless
the refusal to rule on a motion impedes the development and ultimate
disposition of a proceeding a trial court need not rule on the motion.Â  Pro se
inmates are notorious for filing motions that simply do not need to be ruled
upon to properly dispose of a case.Â  We have no way of knowing if the motions
Comeaux complains that the trial court has not ruled upon are such motions
because he has not provided us with a record of those motions.Â  I also note
that at least part of the delay may have been caused by ComeauxÂs escape.Â 
Accordingly, for these reasons, Chief Justice Gray joins the courtÂs judgment
to the extent it denies the relief requested by Comeaux.) 









[1] Comeaux replies that
he lacks access to the Rules of Appellate Procedure.Â  Because of our
disposition and to expedite it, we will implement Rule 2 and suspend the
applicable rules in this proceeding only.Â  Tex.
R. App. P. 2.